## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## MIDLAND DIVISION

| | |
|---|---|
| KENDALL BONNER and GARY FAVOR, <br><br> v. <br><br> LATSHAW DRILLING COMPANY, LLC. | CASE NO: 7:19-cv-97 |

## ORIGINAL COMPLAINT

### SUMMARY

1. Latshaw Drilling Company, LLC (Latshaw) does not pay its oilfield top drive technicians overtime as required by the Fair Labor Standards Act (the FLSA), 29 U.S.C. § 201 *et seq.*, and the New Mexico Minimum Wage Act, NMSA § 50-4-19 *et seq.*, (the NMMWA). Instead, Latshaw pays them a flat salary. Because these employees are not exempt under the FLSA and the NMMWA, Plaintiffs Kendall Bonner and Gary Favor (Plaintiffs) are entitled to recover unpaid overtime as well as other damages.

### JURISDICTION AND VENUE

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). The Court has supplemental jurisdiction over the related NMMWA claims under 28 U.S.C. § 1367.

3. Venue is proper in this district because a substantial part of the acts and conduct charged herein occurred in this district.

### THE PARTIES

4. Plaintiffs were employed by Latshaw under the FLSA and the NMMWA. Their written consents are attached.

5. Latshaw is a drilling company based in Tulsa that employed Plaintiffs as top drive technicians throughout West Texas and New Mexico.

## THE FACTS

6. Plaintiffs originally filed their claims by joining the collective action *Sanders v. Latshaw Drilling Co.*, LLC, No. 3:16-cv-1093, at ECF No. 23 (N.D.Tex.).

7. On March 14, 2019, the *Sanders* court decertified the collective action and dismissed Plaintiffs in part, because they worked as top drive technicians and other plaintiffs included a mechanic and an electrician.

8. The *Sanders* court also tolled the statute of limitations to allow Plaintiffs to refile.

9. Latshaw's gross annual revenues have exceeded $1,000,000 – well above the FLSA's $500,000 threshold for enterprise coverage in each of the last six years.

10. Latshaw's employees routinely use hard hats, automobiles, computers, copiers, fax machines, telephones, tools and office supplies that moved in interstate commerce or were produced for interstate commerce.

11. Because Latshaw's gross annual revenues exceeded $500,000 and because its employees used, handled, sold or worked on goods or materials that were produced for or traveled in interstate commerce, Latshaw is an enterprise engaged in interstate commerce. Accordingly, Latshaw is subject to the FLSA.

12. Latshaw employed Plaintiffs as top drive technicians. They repaired and maintained Latshaw's top drives.

13. A top drive is a machine on a drilling rig that turns the drill string and applies download pressure.

14. Plaintiffs regularly worked more than 40 hours in a workweek. They typically worked a rotating schedule of 10 days on and 5 days off. They worked 12 or more hours per day.

15. Latshaw did not pay Plaintiffs overtime. Instead, Latshaw paid them a flat salary.

16. Latshaw paid Plaintiffs a set amount each pay period, regardless of how many hours they worked.

17. Plaintiffs were entitled to one-and-one-half times their regular rates of pay for hours worked in excess of forty hours in a week.

18. Latshaw knew Plaintiffs worked more than forty hours per week as reflected in its employment records.

19. Latshaw knew blue-collar oilfield workers like Plaintiffs must be paid overtime under the FLSA and the NMMWA.

20. Latshaw is a repeat FLSA violator. The Department of Labor assessed overtime damages against Latshaw for misclassifying employees as "independent contractors."

21. And Judge Godbey found Latshaw violated the FLSA with respect to its hourly rig employees by paying overtime at an unlawfully reduced rate in *Meadows v. Latshaw Drilling Co.*, LLC, No. 3:15-CV-01173, at ECF No. 222 (N.D. Tex.).

22. Latshaw knew that blue-collar workers, like top drive technicians, are nonexempt no matter how highly paid they may be.

23. Latshaw received many complaints from its top drive technicians, electricians, and mechanics about non-payment of overtime, but Latshaw ignored these complaints.

### FIRST CAUSE OF ACTION – VIOLATION OF THE FLSA

24. Plaintiffs incorporate the allegations in the preceding paragraphs.

25. Latshaw violated the overtime provisions of the FLSA. Plaintiffs are entitled to overtime for all hours worked over forty in a week.

26. Additionally, Plaintiffs are entitled to an amount equal to their unpaid wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action.

27. Latshaw knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Latshaw's failure to pay overtime to Plaintiffs was willful.

28. Latshaw owes Plaintiffs an amount equal to all unpaid overtime wages as liquidated damages.

29. Plaintiffs are entitled to recover all reasonable attorney's fees and costs incurred in this action.

### SECOND CAUSE OF ACTION – VIOLATION OF THE NMMWA

30. The conduct alleged in this Complaint violates the NMMWA.

31. Latshaw was and is Plaintiffs' "employer" under the NMMWA.

32. The NMMWA requires an employer like Latshaw to pay overtime to all non-exempt employees.

33. Plaintiffs were non-exempt employees entitled to be paid overtime for all overtime hours worked.

34. Within the applicable limitations period, Latshaw had a policy of failing to pay overtime pay to Plaintiffs for hours worked in excess of 40 hours per week.

35. As a result of Latshaw's failure to pay Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty in a workweek, Latshaw violated the NMMWA.

36. Latshaw knew, or showed reckless disregard for whether, its failure to pay overtime violated the NMMWA. Its failure to pay overtime to Plaintiffs is willful.

37. Plaintiffs seeks damages based on Latshaw's failure to pay one and one-half times his regular rate of pay for work performed in excess of 40 hours in week and liquidated damages allowed under NMMWA and such other legal and equitable relief from Latshaw's willful conduct as the Court deems just and proper.

38. Plaintiffs seeks recovery of attorney's fees and costs of this action to be paid by Latshaw, as provided by the NMMWA.

## PRAYER

Plaintiffs prays for relief as follows:

1. Judgment awarding Plaintiffs all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

2. Judgment awarding Plaintiffs all unpaid overtime compensation, liquidated (treble) damages, attorneys' fees and costs under the NMMWA;

3. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief that Plaintiffs are justly entitled.


By: **/s/ David Moulton**
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
David I. Moulton
Texas Bar No. 24051093
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com

## CONSENT TO JOIN WAGE CLAIM

**Print Name:** Kendall Bonner

1. I hereby consent to participate in a collective action lawsuit against **Latshaw Drilling** (and its related entities) to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at BRUCKNER BURCH PLLC as my attorneys to prosecute my wage claims.

4. I authorize the law firm and attorneys at BRUCKNER BURCH PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: *Kendall Bonner* (DocuSigned by: D7BA87B1FB84444...)

Date Signed: 4/15/2016

**EXHIBIT A**

## CONSENT TO JOIN FORM – LATSHAW DRILLING

Printed Name: GARY B. FAVOR

1. I hereby consent join the collective action lawsuit filed against **Latshaw Drilling, Inc.** to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firms and attorneys at BRUCKNER BURCH, PLLC and FIBICH, LEEBRON, COPELAND, BRIGGS, & JOSEPHSON as my attorneys to represent me in my wage claims.

4. I consent to having the named Plaintiff and Plaintiff's Counsel make all decisions regarding the litigation, including all decisions regarding settlement or trial.

5. If needed, I authorize the Plaintiff's lawyers to use this consent to file my claim in a separate lawsuit, if necessary, for the purpose of pursuing my claims against the Defendant.

Signature: *Gary B. Favor*          Date Signed: 10-16-16

**EXHIBIT B**